ROBERT GANGLOFF *vs.* COMMISSIONER OF PUBLIC WELFARE.

Suffolk. December 6, 1963. — February 27, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Public Welfare. Medical Assistance for the Aged.*

The provision of § 6 of the old age assistance law, G. L. c. 118A, that "No assistance under this chapter shall be granted to an applicant who . . . within five years . . . prior to the filing of an application . . . has made . . . [a] transfer of property so as to render himself eligible to such assistance," did not bar a grant of medical assistance for the aged to an applicant who was not shown to have known before he filed his application that a few days previously his daughter had withdrawn all the funds in a savings account in their joint names. [74–75]

An applicant for medical assistance for the aged who at the time of filing his application had a claim, disputed by his daughter, to more than $2,000 which had been withdrawn by her a few days before from a savings account in their joint names, did not have, by reason of his claim, "ownership of bank deposits, securities, cash on hand or similar assets of more than" $2,000 so as to be precluded by G. L. c. 118A, § 18, from being furnished such medical assistance. [75]

PETITION for review filed in the Superior Court on December 6, 1962.

The case was heard by *Sgarzi,* J.

*Albert G. Tierney, Jr.* (*George H. Chansky* with him) for the petitioner.

*David Lee Turner,* Assistant Attorney General (*James C. Doyle* with him), for the respondent.

WHITTEMORE, J. The final decree in the Superior Court affirmed a decision of the Commissioner of Public Welfare

that denied a claim against the city of Beverly for medical assistance to the aged. G. L. c. 118A, §§ 13–32. The commissioner had approved the decision of a referee. The referee had found that a few days before the application for assistance in March, 1962, Gangloff's daughter had withdrawn all the funds ($3,552.30) in her joint savings account with Gangloff and that all but $600 of this account had been Gangloff's. He found that about $2,900 "is still available and held by . . . [Gangloff's] daughter who has a legal obligation for his support." He concluded that the withdrawal was "a subterfuge to make Mr. Gangloff eligible . . . ." The stated ground for denial of assistance was: "Appellant transferred resources immediately (eight days) prior to application to make himself eligible for Medical Assistance for the Aged. (Manual of Public Assistance, Page 38)."

For a period beginning April 12, 1955, Gangloff had been the sole owner of the account. At sometime prior to February 1, 1956, the daughter's name "was added to the account as joint owner." There was no evidence that Gangloff knew of the withdrawal in March, 1962. Through age or infirmity he was unable to give significant testimony. There was testimony by the daughter which, if believed, would have permitted the finding that $3,340.83 of the withdrawn amount was hers. This testimony was disbelieved by the referee.

1. The manual referred to by the referee is not before us. *Finlay* v. *Eastern Racing Assn.* 308 Mass. 20, 26–28. *Mastrullo* v. *Ryan,* 328 Mass. 621, 622. We assume, however, that it sets out instructions for applying G. L. c. 118A, § 6. That section provides in part: "No assistance under this chapter shall be granted to an applicant who, at any time within five years immediately prior to the filing of an application for such assistance, has made an assignment or transfer of property so as to render himself eligible to such assistance." This does not bar assistance as Gangloff, so far as appears, made no transfer within five years prior to the application. The withdrawal by the daughter was not

shown to have been made with Gangloff's knowledge; it could not be found to be a transfer by him.

2. It could not rightly be found that Gangloff at the time of the application had "ownership of bank deposits, securities, cash on hand or similar assets of more than two thousand dollars," so that "[i]n no event shall medical assistance . . . be furnished." G. L. c. 118A, § 18. Gangloff's claim to funds held by the daughter, disputed by her, was not an asset which could be so promptly or surely liquidated as to be "similar" to "bank deposits, securities, [or] cash on hand." The daughter, of course, was not bound by the referee's findings.

3. The local board in further considering Gangloff's application for medical assistance must determine whether under G. L. c. 118A[1] and applicable regulations Gangloff may be required to liquidate the claim, or to take other action in respect of it, as a condition of obtaining assistance. No such issue and no issue under G. L. c. 118A, §§ 4A[2] and 23[3] is presented on this record.

4. The final decree is reversed. A decree is to enter remanding the case to the commissioner for entry of a decision to provide that the local board take action on and in respect of Gangloff's application for medical assistance to the aged in a manner consistent with this opinion.

*So ordered.*

---

[1] See § 18: "A person entitled to medical assistance for the aged shall receive such assistance on the basis of need. The amount of such need shall be determined, in accordance with standards approved by the department, after consideration of the degree to which an applicant's income and resources are insufficient to meet the costs of necessary medical care."

[2] "A person shall be liable in contract to any town for expenses incurred by it under this chapter . . . if such person is in possession of funds not otherwise exempted . . . ."

[3] "There shall be no recovery of any medical assistance for the aged correctly paid on behalf of a recipient during his lifetime or the lifetime of his surviving spouse. When recovery is appropriate, action shall be brought in accordance with the proceedings set forth in section four A."