CITY OF BROCKTON *vs.* MASSACHUSETTS DEPARTMENT OF
PUBLIC WELFARE & others.

Plymouth.    February 10, 1967. — March 14, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Medical Assistance for the Aged.    Public Welfare.    Old Age Assistance.
State Administrative Procedure Act.    Equity Jurisdiction,* Review of
decision of Department of Public Welfare.

The provision of G. L. c. 118A, § 21, that a decision of the Department
of Public Welfare upon an appeal thereto from a local board of public
welfare under § 21 "shall be final and binding upon the local board"
does not deprive the courts of jurisdiction to review the department's
decision under § 14 of the State Administrative Procedure Act, G. L.
c. 30A.    [247]
G. L. c. 118A, § 6, was inapplicable to medical assistance for the aged
under §§ 13–32 even before the enactment of St. 1965, c. 657, § 1.
[249]

.PETITION for review filed in the Superior Court on May 11,
1965.

The case was heard by *Brogna,* J.

· *Nelson I. Crowther, Jr.,* Assistant Attorney General, for
Massachusetts Department of Public Welfare.

*Colette Manoil* for the intervener, Brockton Hospital
Company (*P. J. Piscitelli,* for the intervener, Daniel Baker,
with her).

*Floyd H. Gilbert,* City Solicitor, for the City of Brockton,
submitted a brief.

· WHITTEMORE, J.    The appellants, the Department of Pub-
lic Welfare, Brockton Hospital Company, and Daniel Baker,
have appealed to this court under G. L. c. 30A, § 15, from
the final decree of the Superior Court in proceedings under
c. 30A, § 14.

· Daniel Baker on September 21, 1964, applied to the Brock-
ton board of public welfare (the local board) for hospital
benefits under G. L. c. 118A, §§ 13–32, "Medical Assistance

for the Aged.'' The application was denied on October 30, 1964, as the ''[a]pplicant transferred property without fair consideration.'' On appeal under G. L. c. 118A, § 21, the department reversed the action of the local board, and the city of Brockton through the local board acted to obtain judicial review.

1. The department at the arguments in this court suggested that the Superior Court was without jurisdiction inasmuch as c. 118A, § 21, provides that ''Every decision of the department shall be final and binding upon the local board involved and shall be complied with by such local board.''[1] We reject the contention.

General Laws c. 30A, § 14, provides: ''Except so far as any provision of law expressly precludes judicial review, any person or appointing authority aggrieved by a final decision of any agency in an adjudicatory proceeding . . . shall be entitled to a judicial review thereof . . . . Where no statutory form of judicial review or appeal is provided, or where the only statutory form of review is by extraordinary writ, judicial review shall be obtained by means of a petition for review, as follows: . . ..''

Chapter 118A, § 21, does not expressly preclude judicial review. The limited nature of the review under c. 30A, § 14, leaves the department's decision final on issues of fact rightly presented. Even where statutes provide judicial review in a lower court and that the decision of such court shall be final (*MacKenzie* v. *School Comm. of Ipswich,* 342 Mass. 612, 614, and cases cited) or that there shall be no appeal from such decision (*Young* v. *Mayor of Brockton,* 346 Mass. 123, 124) errors of law are reviewed on certiorari.

2. We turn to the issue whether c. 118A, § 6, as amended through St. 1964, c. 345, § 2, is applicable. This is in the group of sections under the chapter subtitle ''Old Age Assistance'' and provides in part: ''No assistance *under this*

---

[1] The issue was not raised in *Marlborough Hosp.* v. *Commissioner of Pub. Welfare,* 346 Mass. 737, or *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare,* 346 Mass. 739, a case under c. 118D, § 9, with the same ''final and binding'' language as c. 118A, § 21.

*chapter* [emphasis supplied] shall be granted to an applicant who, at any time within five years immediately prior to the filing of an application for such assistance, has made an assignment or transfer of property so as to render himself eligible to such assistance."

The referee, whose decision became the decision of the department under c. 118A, § 21, found that on April 2, 1962 (that is, more than one year but less than five years before the application), Baker had transferred for a consideration of less than $100 certain parcels of real estate of substantial value, but he ruled, in effect, that § 6 did not apply. The judge took the contrary view. In ruling that § 6 is applicable, he was undoubtedly guided by *Gangloff* v. *Commissioner of Pub. Welfare*, 347 Mass. 73, 74, which assumed that an undisclosed part of the Manual of Public Assistance set out instructions for applying § 6 to an application for medical assistance for the aged. We put aside for the moment consideration of that case and turn to the statute.

The present old age assistance program was adopted by St. 1936, c. 436, § 1.[2] Chapter 118A, as thereby inserted, dealt solely with old age assistance. By St. 1960, c. 781, the General Court adopted a program of medical assistance for the aged. Chapter 781, § 3, added the subtitle "Old Age Assistance" to §§ 1–12 of c. 118A. Chapter 781, § 8, added §§ 13–32 to c. 118A under the subtitle "Medical Assistance for the Aged."

These are separate programs. In each of the two subdivisions of the chapter there are separate, although to some extent similar, provisions for qualifying for assistance, administering the program, establishing disqualifications, obtaining reimbursement, and bringing actions for recovery on account of assistance granted. In this connection see § 27, as amended through St. 1965, c. 827: "No medical assistance for the aged shall be furnished to any person for any period during which he received aid . . . [references to c. 69; c. 118; c. 118D] or old age assistance

---

[2] For the prior program for old age assistance see G. L. c. 118A as inserted by St. 1930, c. 402.

under this chapter, except . . . [in accord with] any exceptions allowed in the federal Social Security Act."

Certain provisions of the earlier sections are, nevertheless, suitable for application to medical aid for the aged. Such a section is § 4A.   Section 23 (in the later group of sections) provides: "There shall be no recovery of any medical assistance for the aged correctly paid on behalf of a recipient during his lifetime or the lifetime of his surviving spouse.   When recovery is appropriate, action shall be brought in accordance with the proceedings [*sic* — procedures ?] set forth in section four A."

Section 6, in the absence of any provision in the later group of sections stating disqualification because of transfers of property, also appears, at least when separately considered, as substantively appropriate for application to medical aid for the aged.

With the enactment of St. 1965, c. 657, § 1, however, the intention was manifested that there be a different disqualification provision for medical aid for the aged.   Chapter 657, § 1, added to § 18 the sentence: "No assistance shall be granted to an applicant who, at any time within one year immediately prior to the filing of an application for such assistance, has made an assignment or transfer of personal property so as to render himself eligible for such assistance."   Section 6 applies to a "transfer of property" (not restricted as to realty or personalty) within five years. If applicable to medical aid for the aged, it would render the new provision in § 18 redundant.

The applicability of § 6 to Baker's 1964 application should, nevertheless, be determined in the then existing statutory context.   The statute is not a model of clarity, but upon analysis we conclude that, even before 1965, the provisions of § 6 were inapplicable to medical assistance for the aged.

One or another of the phrases "assistance under this chapter" (quoted from § 6) and "such assistance" and the unmodified word "assistance" occurs several times in the old age assistance sections.   By contrast each section from

§ 13 through § 32 except § 26 refers at least once to "medical assistance for the aged" or "medical assistance" and § 26, by reference back to § 25, shows that the words in § 26 "such disbursements for assistance" refer to a disbursement for "medical assistance for the aged." Thus there is a contextual definition of "assistance," "such assistance" or "assistance under this chapter," where used in the earlier §§ 1 through 12 as "old age assistance." The first sentence of § 1 has a definitive aspect: "Adequate assistance to persons in need of relief and support who have reached the minimum age . . . ." By contrast, § 13 (e) has a comprehensive definition of the term "Medical assistance for the aged."

Consistent with this construction are the references to "this chapter" in §§ 1 to 12 that can reasonably apply only to that part of the chapter dealing with old age assistance. Thus in § 3, a right of appeal to the department is given to "[a]ny person aggrieved by the failure of any town to render adequate assistance under this chapter." The matters for appeal are specified and relate to old age assistance whereas § 21 states the right of appeal in respect of a "failure . . . to grant medical assistance for the aged." See also §§ 1, 1A, 2, 2A, 4, 5, 5A, 6A, 8, 9, 10, 11, and 12.

The *Gangloff* case (347 Mass. 73) was decided in 1964. The referee had denied medical assistance for the aged because the applicant had "transferred resources immediately (eight days) prior to application to make himself eligible . . . (Manual of Public Assistance, Page 38)." It appeared that the so called transfer was a withdrawal by the applicant's daughter from a joint savings account. We ruled that inasmuch as the withdrawal was not shown to have been with the applicant's knowledge it could not be found to be a transfer by him. We said (P. 74), "The manual referred to by the referee is not before us. . . . We assume, however, that it sets out instructions for applying G. L. c. 118A, § 6. . . . [That section] does not bar assistance as Gangloff, so far as appears, made no transfer within five years prior to the application."

It now appears likely that page 38 of the manual referred to rules of the department. Two rules set out in the present record[3] would in terms bar medical assistance for the aged to applicants who have made transfers within one year.[4] The assumption in the *Gangloff* case that § 6 was applicable was not necessary for the decision and, for the reasons stated above, appears unjustified.

As to this point 2, this is the decision of a majority of the court.

3. The final decree is reversed. A decree is to enter affirming the decision of the department.

*So ordered.*

---

[3] "Transfer of Property

a. Personal Assets

Medical Assistance for the Aged shall not be granted to an applicant who, within one year immediately prior to the filing of an application, has made a transfer or assignment of liquid assets (bank deposits, securities, cash on hand or similar assets) either to other assets of the applicant (paid-up insurance, real property, etc.,) or to another person with the intent of reducing these assets to the legal exemptions stated in Section 18 of Chapter 118A.

b. Real Estate   See St Letter 133C

Medical Assistance for the Aged shall not be granted to an applicant who, within one year immediately prior to the filing of an application, has transferred or assigned an interest in real estate for a consideration less than fair market value."

State Letter 133C under date of November 10, 1964, provided: "The rule relating to the transfer of real estate is being suspended until further notice."

[4] We are referred to no statute, in effect prior to St. 1965, c. 657, § 1, expressly setting out the substance of either of these rules. Chapter 118A, § 20, provides: "For the purpose of securing efficient administration of medical assistance for the aged, the department may adopt rules and regulations. The department shall supervise the administration of the granting of medical assistance for the aged and it may take such action as may be necessary or desirable for carrying out its purposes in conformity with the requirements governing granting of federal aid." We have not examined the Federal reimbursement requirements.