COLEMAN *v.* DRAKE *et al.*

No. 11324.   December 1, 1936.   Adhered to on rehearing, December 16, 1936.

*J. B. Copeland,* for plaintiff.

*Alexander & Jones, M. J. Yeomans, attorney-general, G. L. Goode* and *O. H. Dukes, assistant attorneys-general,* for defendants.

PER CURIAM. Regulation and supervision of motor contract carriers and motor common carriers on the highways of the State is vested in the Georgia Public-Service Commission under the motor-carrier act of 1931 (Ga. L. 1931, p. 199 et seq.), and in the exercise of its supervisory and regulatory powers the commission is vested with a discretion in the promulgation of its orders. In *Hudspeth* v. *Hall,* 113 *Ga.* 4 (38 S. E. 358, 84 Am. St. R. 201), this court said: "The law is well settled that where public officials 'are acting within the scope of their duties and exercising a discretionary power, the courts are not warranted in interfering, unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen.'" The Coleman bus line and Drake were both applying for certificates of convenience and necessity for the operation of their bus lines over the same roads within this State, Coleman by the transfer of certificates held by another line, Drake by the granting of certificates to him for the operation of a new line. Drake in his application stated that he expected to improve the service and charge a lower .rate for passengers than had been charged theretofore.

The Code, section 68-631, declares: "Nothing in this chapter or any previous act of the General Assembly shall be construed to vest in the owner or holder or assignee of any certificate of public convenience and necessity any vested right to use the public roads of this State, and shall never be construed to give to any motor common carrier any perpetual franchise over such public roads." A similar provision occurs in § 68-524. Certificates of public convenience and necessity are to be issued by the commission after hearing, and the commission is given a broad discretion as to the form or manner in which the application may be granted, either in whole or in part. "The commission may issue the certificate prayed for, or issue it for the partial exercise of the privilege sought; and may attach to the exercise of the rights granted by such certificate such terms and conditions as in its judgment the public interest may require." § 68-504(b). "Any such certificate may be transferred or hypothecated upon application to and approval by the commission, and not otherwise: provided, that no transfer hereunder shall be permitted so as to destroy competition or create monopoly." § 68-505(d). In an amendment to his petition the plaintiff attaches a brief of the evidence adduced on the hearing before the commission, and thus pleads that evidence. He predicates his petition on the assumption that the granting of certificates to both the carriers will be ruinous, that the business along the lines is not sufficient to warrant the operation of two lines. Evidence as to the necessity of two lines was introduced before the commission, and was conflicting on this question. This evidence is attached as an exhibit to the present petition. It does not appear from the petition that the commission abused its discretion in granting certificates for the operation of a bus line to Drake. In fact the commission granted the right to operate buses over the route in question to both applicants. As provided in the motor-carrier act, quoted above, "no transfer shall be permitted so as to destroy competition or create monopoly." See, on the question of monopoly, *Hudspeth* v. *Hall*, supra.

It is argued for the plaintiff that the commission made no formal finding of facts in the hearing and subsequent order, and that its order is void for this reason. The Code, § 93-501, declares: "The Public-Service Commission shall prescribe the rules of procedure and for taking of evidence in all matters that may come before it.

In the investigation, preparation, and hearing of cases, the commission shall not be bound by the strict technical rules of pleading and evidence, but it may exercise such discretion as will facilitate its efforts to ascertain the facts bearing upon the right and justice of the matters before it. In all formal cases heard and determined, when deemed needful, the commission shall render an opinion, setting out the issues involved in the case, and its decision, ruling, and findings thereon." In this case, as appears from the petition, the commission heard the applications made out on forms provided by the commission, and evidence as to the necessity of the operation of the two lines of buses, and issued formal orders granting certificates to Drake and the right to transfer certificates to Coleman, which procedure complies substantially with the requirements of the statute as set out above. These orders necessarily presuppose and indicate a finding on the part of the commission. See, in this connection, Wichita R. & Light Co. v. Public Utilities Com., 260 U. S. 48 (43 Sup. Ct. 51, 67 L. ed. 124), where the Supreme Court of the United States held that under a Kansas statute an express finding of fact was necessary; and Consolidated Flour Mills Co. v. Kansas Gas &c. Co., 119 Kan. 47 (237 Pac. 1037), holding contrarily that such finding was unnecessary, but was implied in the order granted by the Public-Service Commission.

It does not appear from the petition that the commission abused its discretion in granting a certificate of convenience and necessity to Drake, and the judge did not err in sustaining the demurrers and dismissing the case. The other proceedings were nugatory. *Judgment affirmed. All the Justices concur.*

On rehearing the judgment of affirmance is adhered to.

*All the Justices concur, except Russell, C. J., who dissents.*