## 64956. RTC TRANSPORTATION, INC. et al. v. GEORGIA PUBLIC SERVICE COMMISSION et al.

CARLEY, Judge.

Appellant-Atlanta Carriers, Inc. (Atlanta Carriers) sought a Class "B" Certificate of Public Convenience and Necessity authorizing the transportation of commodities between the facilities of Southern Bonded Warehouse, in or near Morrow, Georgia, and all points in Georgia, over no fixed routes. Appellant-RTC Transportation, Inc. (RTC), sought to amend its existing Class "B" Certificate of Public Convenience and Necessity so that it would have additional authority to provide the same service as proposed by Atlanta Carriers, but with specific authorization to transport commodities in vehicles equipped with mechanical refrigeration. The two applications were consolidated for a joint hearing before the appellee-Georgia Public Service Commission (Commission) held on November 5, 6, and December 2, 1980. By separate orders entered February 3, 1981, the Commission denied each application, stating only that "the Commission, in administrative session on February 3, 1981, gave consideration to and denied the above styled application [or amendment] of Class 'B' Certificate." RTC and Atlanta Carriers jointly filed a petition for reconsideration and oral argument before the Commission. The petition was also denied. On appeal to the superior court, the orders of the Commission were affirmed. Appellants RTC and Atlanta Carriers appeal.

1. Appellants assert that the failure of the Commission to issue specific findings of fact and conclusions of law denied them their due process rights.

The administrative procedure applicable in the instant case is not that prescribed by the Georgia Administrative Procedure Act (GAPA). Section 9 of the 1975 statute which made the Commission otherwise subject to the GAPA provides: "Nothing contained within this Act shall apply to any rate, charge, classification, service hearing, procedure or matter which shall pertain to any motor contract carrier, motor common carrier or railroad." Ga. L. 1975, pp. 404, 411. Accordingly, the applicable procedure in the instant case is that established by Code Ann. § 93-501 which provides that "[i]n all formal cases heard and determined, *when deemed needful,* the commission shall render an opinion, setting out the issues involved in the case, and its decision, rulings and findings thereon." (Emphasis supplied.)

Despite the discretionary language contained in the above cited legislation, appellants contend that their due process rights were violated by the Commission because the denial of a Certificate of

Public Convenience and Necessity is necessarily an adjudicatory function and, as the parties whose rights were adjudicated, they were entitled to such due process rights as attach to judicial forms of procedure. According to appellants, such due process rights include an order by the Commission which contains findings of facts and conclusions of law supporting the decision to deny their application.

It has been recognized "that an administrative body such as the Public Service Commission may, in matters which come before it for determination, perform quasi-judicial functions as well as quasi-legislative functions. The distinction between the two types of functions has been deemed of importance because where a proceeding is judicial or quasi-judicial in nature, the parties whose rights are adjudicated are entitled to the protection afforded by judicial forms of procedure." *Tamiami Trail Tours v. Ga. Public Svc. Comm.,* 213 Ga. 418, 428 (99 SE2d 225) (1957). In *Tamiami,* citing *Southeastern Greyhound Lines v. Ga. Public Svc. Comm.,* 181 Ga. 75 (181 SE 834) (1935), the Supreme Court determined that the revocation, as well as the grant, of a Certificate of Public Convenience and Necessity involves the exercise by the Commission of administrative or legislative power. *Tamiami* rejected the argument that, in so doing, the Commission was acting judicially. Although the above cited Supreme Court cases did not determine whether the *denial* of such a certificate was quasi-legislative or quasi-judicial, "the reasoning employed in [those] case[s] is equally applicable . . . In the hearing on an application for a certificate, the commission merely conducts an investigation of fact, authorized by statute, in the determination of which the primary concern is the public interest and welfare." *Tamiami Trail Tours v. Ga. Public Svc. Comm.,* supra, 429. We find, therefore, that a hearing on an application for a Certificate of Public Convenience and Necessity, whether granted or denied, is not a judicial or quasi-judicial proceeding to which due process rights applicable in such proceedings attach. See also *Greyhound Lines v. Ga. Public Svc. Comm.,* 236 Ga. 76, 79 (222 SE2d 347) (1976).

Furthermore, in *Coleman v. Drake,* 183 Ga. 682 (188 SE 897) (1936) the Supreme Court upheld, as substantially complying with Ga. Code Ann. § 93-501, orders granting Certificates of Public Necessity which contained no specific findings of fact and conclusions of law, thereby rejecting arguments that the orders were violative of due process. "These orders necessarily presuppose and indicate a finding on the part of the commission." *Coleman v. Drake,* supra, 687. The failure of the Commission to set forth its findings of fact and conclusions of law did not result in a denial of the due process rights of appellants.

2. Appellants next assert that the Commission's order is not

supported by the evidence and that it is unreasonable, arbitrary and capricious.

Code Ann. § 68-609 enumerates five factors, among others, that the Commission must consider in determining whether a Certificate of Public Convenience and Necessity should be granted. "This court will not substitute its own discretion or judgment for that of the Public Service Commission, nor will it interfere with a valid order of the Commission unless it be clearly shown that the order is unreasonable, arbitrary or capricious. [Cits.] If there is any evidence to support the action of the Commission in [denying] the certificates in this case, we would not be authorized to interfere therewith." *Tamiami Trail Tours v. Ga. Public Svc. Comm.*, supra, 425. See also *Statesboro Tel. Co. v. Ga. Public Svc. Comm.*, 235 Ga. 179, 182 (219 SE2d 127) (1975).

Appellants placed several witnesses on the stand who testified that they had certain particular needs involving unique transportation which were not being satisfied by presently authorized carriers. Evidence was also presented that there was a need for carriers that would provide protective services as well as more consistent service. Testimony was further presented that, on certain dates, the present carriers even refused to carry some commodities. However, the Commission also heard testimony from several witnesses that the presently authorized carriers were meeting the needs of the public. The presently authorized carriers offered testimony that they were willing to carry and, indeed, did carry commodities in the same manner as that proposed by appellants. There was also testimony that the presently authorized carriers did not have a policy of rejecting certain commodities and, in fact, did carry the commodities on dates in question. Therefore, the record reflects that the Commission's order denying the requested certificates is supported by some evidence and is not "unreasonable, arbitrary, or capricious." This court will not substitute its own decision for that of the Commission.

3. Appellants contend the Commission excluded certain testimony submitted by appellants which would have shown the present lack of adequate service. Such exclusion, they argue, denied appellants their right to a fair hearing. As noted in Division 1 of this opinion, the instant procedure before the Commission was not judicial, but legislative in nature. Furthermore, Code Ann. § 93-501 provides: "The Public Service Commission shall prescribe the rules of procedure and for taking of evidence in all matters that may come before it. In the investigation, preparation, and hearing of cases, the commission shall not be bound by the strict technical rules of pleading and evidence, but it may exercise such discretion as will

facilitate its efforts to ascertain the facts bearing upon the right and justice of the matters before it." See *Tamiami Trail Tours v. Ga. Public Svc. Comm.,* supra.

Appellants cite no authority to support the argument that they were denied a fair hearing. In fact, the record clearly shows that appellants were allowed ample opportunity to present testimony on the issue of adequate service. This enumeration is without merit.

4. Appellants finally assert that they were denied due process because a member of the Commission's staff, the Director of Motor Carrier Certification and Enforcement Division (Director), participated in the proceeding in both an adversarial and advisory role.

The Commission is authorized to employ such persons as are necessary to enforce the laws regulating the use of public highways by motor vehicle carriers for hire. Code Ann. § 68-520. Pursuant to such authorization, the Commission created the office of the Director. His duties include "direction and supervision of all commission motor carriers certification and enforcement functions, including furnishing the commission expert information and advice on all matters brought before it involving motor carrier operating authority, and to attend for that purpose all hearings where motor carrier applications are involved." Commission Transportation Rule 1-1-1-.06.

Appellants state they do not challenge the constitutionality of the above cited rule and thus do not contest the authority of the Director to attend the proceedings in the instant case. However, appellants do contend that the Director, while at the hearing, assumed both an adversarial role and an advisory role and two instances are cited in the record where such an adversarial role was allegedly taken by the Director.

After our review of the entire record, we cannot hold that the Director assumed an adversarial role. Instead, it appears that he merely directed questions to the witnesses so as to assist in clarifying matters for the Commission and to expedite the lengthy proceeding. "We conclude that this record does not show such bias or prejudice sufficient to result in a denial of due process to [appellants]." *Brownlee v. Williams,* 233 Ga. 548, 556 (212 SE2d 359) (1975).

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 25, 1983.

*Alan E. Serby, Roger A. Kirschenbaum,* for appellants.
*Michael J. Bowers, Attorney General, Robert S. Stubbs II,*

*Executive Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Jim O. Llewellyn, Assistant Attorney General, R. Douglas Lackey, Special Assistant Attorney General,* for appellees.

*William W. West, Paul P. Watkins, Sr., Robert C. Boozer,* amicus curiae.