*L. Cromartie, Jr.*, for appellant.
  *Henry E. Williams*, for appellee.

74185. PUBLIC SERVICE TELEPHONE COMPANY, INC.
v. PUBLIC SERVICE COMMISSION.
(359 SE2d 239)

CARLEY, Judge.

Appellant filed an application with the appellee Georgia Public Service Commission (PSC), seeking a certificate of public convenience and necessity whereby it could provide a wide-area paging service in an area other than that within which it is currently certificated to provide telephone service. Southern Bell holds the certificate to provide telephone service in the major portion of the area covered by appellant's application. Southern Bell has taken steps toward providing paging service in the affected area but, at the time of the hearing on appellant's application, that service was not yet available. Since the grant to appellant of a certificate to provide a paging service within the affected area would represent an infringement of Southern Bell's telephone service certificate, Southern Bell's request for permission to intervene in the PSC hearing on appellant's application was granted. After conducting the hearing, the PSC denied appellant's application. That denial was affirmed on appeal to the Superior Court of Fulton County. Appellant appeals from the superior court's affirmance of the decision of the PSC.

1. Appellant urges that the PSC's decision is affected by an error of law and that the superior court therefore erred in failing to reverse it on that ground. Specifically, appellant contends that the PSC misapplied the holding in *Statesboro Telephone Co. v. Ga. Public Svc. Comm.*, 235 Ga. 179 (219 SE2d 127) (1975).

In *Statesboro Telephone Co.*, supra at 184-185 (2), the Supreme Court held that "a competing telephone certificate, like a noncompeting telephone certificate, can only be issued upon [a] showing that public convenience and necessity so require ([cits.]), and it would appear that the public convenience and necessity would not authorize the issuance of a competing certificate so long as the existing certificate holder renders adequate service. . . . [T]hat no competing certificate shall be granted when the existing certificate holder is adequately serving the public, and [that] no competing certificate shall be granted unless and until it is proved that the existing certificate holder is rendering inadequate service . . . [are] requirements [which] are presently inherent in the public convenience and necessity provisions of [OCGA § 46-5-40 et seq.]. [Cit.]" Accordingly, it is clear the PSC did not err in this case, either insofar as it held that the decisive

issue was the inadequacy of Southern Bell's service, or insofar as it placed the burden of proof as to that issue upon appellant. However, in holding that appellant had failed to carry its burden of proof as to the inadequacy of Southern Bell's service, the PSC gave consideration to the fact that Southern Bell "has responded to the need for paging services in the [affected] area. . . ."

Appellant urges that, by its consideration of this evidence as relevant to the ultimate issue, the PSC violated the holding in *Statesboro Telephone Co. v. Ga. Public Svc. Comm.*, supra. According to appellant, that decision establishes that it is the state of the current certificate holder's existing service that is the only factor to be considered by the PSC in determining the adequacy of the service for which a competing certificate is being sought and that Southern Bell's mere response to a need for that service, short of actually providing it, is not a factor which is to be given consideration. However, that case clearly holds that "an existing certificate holder is entitled to notice of the filing of a competing application ([cit.]) and would at the hearing on that application be permitted to show the adequacy of its existing service *or its ability and willingness to improve service.* [Cit.] Because [the current certificate holder in the *Statesboro Telephone Co.* decision] did not show that its existing toll service was adequate *nor that it was willing and able to render* adequate toll service, the [PSC] did not violate the statute when it granted a competing certificate to [the applicant]. . . ." (Emphasis supplied.) *Statesboro Telephone Co. v. Ga. Public Svc. Comm.*, supra at 185 (2). Thus, with regard to the adequacy of the service being provided in the affected area, the current telephone certificate holder is entitled to show and the PSC is entitled to consider two factors: the state of the existing service that is actually being provided by the current telephone certificate holder *and* its willingness and ability to make future improvement as to that service.

The *Statesboro Telephone Co.* decision stands only for the proposition that, unlike motor carriers, a current telephone certificate holder is not vested with a procedural right whereby it must "be afforded an opportunity to improve service *before* a competing telephone certificate can be granted by the [PSC]." (Emphasis supplied.) *Statesboro Telephone Co. v. Ga. Public Svc. Comm.*, supra at 184 (2). Unlike motor carriers, the current telephone certificate holder must defend a challenge to the adequacy of its service by showing its future plans for improvement of that service, if any, *within the context of a hearing on the competitor's application* and it is not entitled to an initial opportunity to remedy any alleged inadequacy in its existing service prior to the issue of the grant of a competing certificate ever being addressed by the PSC. It is not the law "that the [PSC] lacks authority to grant a competing telephone certificate unless the [PSC]

determines that the existing certificate holder is providing inadequate service and is unable or refuses, after notice and hearing as to inadequacy of service, to provide reasonably adequate service. . . ." *Statesboro Telephone Co. v. Ga. Public Svc. Comm.*, supra at 184 (2).

The adequacy of a current telephone certificate holder's service in its certificated area encompasses not only its existing service but also its plans for future service. In the context of the hearing on appellant's application for a competing certificate, Southern Bell presented evidence with regard to its response to the need for a paging service in the affected area. The PSC, as it was authorized to do, considered that evidence in determining whether Southern Bell was providing adequate service in the area where it was certificated. Although there was evidence that Southern Bell's service had not yet become operational, appellant produced no evidence that Southern Bell's response was, under the circumstances, inadequate. The PSC did not err in holding that appellant had not met its burden of proof and in denying appellant the competing certificate that it sought. It follows that the superior court did not err in refusing to reverse that decision as affected by an error of law.

2. Remaining enumerations of error have been considered but are without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 1, 1987.

*E. Hearst Roane, Jr.,* for appellant.
*Michael J. Bowers, Attorney General, R. Douglas Lackey, W. Randall Tye, Michael J. Henry, George J. Polatty, Sr.,* for appellee.