A89A2278. GEORGIA MESSENGER SERVICE, INC. v. GEORGIA PUBLIC SERVICE COMMISSION et al.
(390 SE2d 283)

SOGNIER, Judge.

Georgia Messenger Service, Inc. appeals from the trial court's affirmance of the grant by the Georgia Public Service Commission (PSC) of an amendment to the certificate of public convenience and necessity of Quicksilver Express Courier of Georgia, Inc. (Quicksilver).

The record reveals that appellee Quicksilver sought to amend its Class "B" certificate and that appellant, along with five other messenger services operating in the Atlanta area, protested part two of Quicksilver's application, in which Quicksilver sought to expand its courier service to one Atlanta law firm. An administrative hearing was held, and the hearing officer found that no basis existed for denying the application. Appellant appealed that decision to the full commission, which affirmed the decision of the hearing officer. Appellant then filed a petition for judicial review in the Superior Court of Fulton County which, after a hearing, entered an order affirming the PSC's grant of the amended certificate.

The standard of review of contested cases under the Georgia Administrative Procedure Act, OCGA § 50-13-1 et seq., is set forth in

OCGA § 50-13-19 (h), which provides in pertinent part that the reviewing court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . . [but may] reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . [a]ffected by . . . error of law; . . . [or c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record."

1. In appellant's first six enumerations it contends the PSC and the superior court erred by affirming the grant because the hearing officer applied an incorrect legal standard to the evidence presented.

(a) Appellant first argues, relying solely on foreign authority, that because the amendment was sought on the basis of a need expressed by a single shipper (the law firm), i.e., a "private" need, it did not meet the requirement in OCGA § 46-7-7 (a) (2) that it "serve a useful *public* purpose and be responsive to a *public* demand or need." (Emphasis supplied.) However, the shipper in this case is a member of the public and, as explained by the hearing officer in his order, "it has long been the Commission's practice to issue plantsite or single shipper authority under Class 'B' Certificates." Appellant's arguments appear to be based primarily on a theory that the PSC must protect it from competition in its service area. The foreign cases cited by appellant hold that where service is being provided in a certain area, new applications do not indicate a "public" need and may not be approved. Such is not the case in Georgia. Rather, the PSC is, in fact, prohibited by OCGA § 46-7-7 (d) from considering the "diversion of revenue or traffic from an existing motor carrier to be grounds for denial of an application," and thus we find no error in the superior court's affirmance of the PSC's conclusion that "the use of the term 'public' in OCGA § 46-7-7 is intended to distinguish . . . private carriage operations which require no certificate of public convenience and necessity."

(b) Appellant also argues that the hearing officer's comments cited in Division 1 (a) are evidence that he applied the wrong standard. However, the hearing officer's order recites that "[t]he evidence established that the proposed service will serve a useful public purpose and be responsive to a public demand or need," thereby indicating that the hearing officer considered the evidence under the proper standard. Moreover, appellant admits that the superior court applied the correct standard, and the superior court specifically found that "[a]fter review of the record . . . there is some evidence to support a finding of 'public need.'" Accordingly, as we find that the correct standard was applied, and some evidence exists to support the superior court's decision below, we find no merit in appellant's first six enumerations. See *RTC Transp. v. Ga. Public Svc. Comm.*, 165 Ga.

App. 539, 540-541 (2) (301 SE2d 896) (1983).

2. Appellant contends the superior court erred by affirming the decision of the PSC because the hearing officer failed to make a finding that Quicksilver was financially able to perform the service it sought to add, as required by OCGA § 46-7-7 (a) (1) (A), and the evidence presented by Quicksilver was insufficient to demonstrate its financial fitness. We do not agree.

At the time it applied for the amendment to its certificate, Quicksilver was the holder of a valid certificate, for the issuance of which a showing of financial responsibility was a necessary precondition. The record indicates that at appellant's request the hearing officer took official notice of the financial statement already on file with the commission, and thus we cannot agree with appellant that Quicksilver presented no evidence of financial responsibility. Although it is true that the hearing officer made no specific finding of financial responsibility, neither did appellant or the other protestants offer any evidence indicating that Quicksilver was not financially able to provide the service for which it sought authority. The superior court stated that "the financial reports [officially noticed] under the context of this whole thing are sufficient, at least to allow the [PSC] to have some basis for making this finding . . . [and it] does provide some evidence." We find no error in this analysis. In reviewing this matter the superior court pointed out some evidence in the record which supported the PSC's determination that Quicksilver had the requisite financial ability, and thus we find appellant's enumerations in this regard meritless as well. See generally *Horizon Indus. v. Carter*, 188 Ga. App. 194, 196 (372 SE2d 301) (1988).

3. Appellant's final contention is that the hearing officer failed to find that the amendment sought operated to discriminate against similarly situated businesses. However, as discussed above in Division 1 (a) of this opinion, the PSC is prohibited from considering the economic impact on other carriers in determining whether applications should be approved or denied. Accordingly, the "discrimination" alleged by appellant could not have been considered by the PSC. See OCGA § 46-7-7 (d). Thus, we find no error in the superior court's order on this basis.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 16, 1990 —
REHEARING DENIED JANUARY 29, 1990 —

*Ellenberg & Bryan, Richard D. Ellenberg, Leslie J. Bryan*, for appellant.

*Michael J. Bowers, Attorney General, Victoria H. Tobin, Assistant Attorney General, Mitchell & Jones, Bruce E. Mitchell*, for ap-

pellees.

