In the Matter of ROCHESTER GAS AND ELECTRIC CORPORATION, Respondent, and GENERAL PUBLIC UTILITIES CORPORATION, Intervener, Respondent, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, et al., Appellants.

Argued June 3, 1948; decided July 16, 1948.

MOTION to dismiss appeal renewed. (See 297 N. Y. 961.)

*Edmund B. Naylon, T. Carl Nixon, Earl L. Dey* and *George Foster, Jr.,* for respondent. The order of annulment appealed from does not finally determine the proceeding and consequently this appeal does not lie. (*Matter of Colonial Liquor Distributors* v. *O'Connell,* 295 N. Y. 129; *Matter of New York State Guernsey Breeders' Co-operative, Inc.,* v. *DuMond,* 294 N. Y. 692; *Matter of New York State Guernsey Breeders' Co-operative, Inc.,* v. *DuMond,* 291 N. Y. 704; *Matter of Begent* v. *Noyes,* 284 N. Y. 229; *Matter of Village of Tupper Lake* v. *Maltbie,* 283 N. Y. 720; *Matter of Village of Wellsville* v. *Maltbie,* 283 N. Y. 689; *Matter of Newman Lake House, Inc.,* v. *Bruckman,* 283 N. Y. 646; *Matter of New York State Elec. Corp.* v. *Public Service Comm.,* 260 N. Y. 32; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320; *Matter of Reynolds,* 233 N. Y. 606.)

*Allen E. Throop, James B. Liberman* and *William W. Golub* for intervener, respondent.

*Sherman C. Ward* and *Samuel R. Madison* for appellants. The Appellate Division order appealed from is final.

*Per Curiam.* Petitioner Rochester Gas and Electric Corporation applied to the Public Service Commission (1) for an order, pursuant to section 69 of the Public Service Law, authorizing it to issue and sell specified amounts of bonds and shares of preferred and common stock for concededly proper corporate purposes, and, in connection therewith, (2) for approval by the commission, pursuant to section 38 of the Stock Corporation Law, of a certificate of amendment to its certificate of incorporation to permit the issuance of additional shares of common stock. The commission, after a hearing, in effect refused to grant the requested authorization and approval except upon petitioner's compliance with certain conditions aimed at alleged possible impairments in petitioner's financial structure, as indicated by tentative estimates of the commission.

In this proceeding under article 78 of the Civil Practice Act, the Appellate Division has, by a divided court, held those conditions invalid, annulled the determinations of the commission, and remitted the matter to that agency " for further consideration." The commission has taken an appeal as of right to this court. We have denied a motion heretofore made to dismiss the appeal, with leave to renew upon the argument; the matter is now before us upon renewal of the motion.

Neither the order nor the opinion of the Appellate Division specifies the scope of the " further consideration " to be accorded by the commission, or the nature of the further proceedings to be taken by it. We assume that the order appealed from would be final if the decision of the Appellate Division left the commission no alternative but to grant petitioner the requested authorization and approval without the challenged conditions — at least to the extent of permitting petitioner to receive competitive bids for the purchase of the proposed new securities. (Cf. *Matter of Colonial Liquor Distributors, Inc., v. O'Connell,* 295 N. Y. 129.) However, analysis of the order and the opinion of the Appellate Division, as well as of the contentions of the parties to this appeal, leaves it doubtful whether the commission would not remain free — upon the remission of the matter to it " for further consideration " — to deny petitioner's application

upon findings supported by substantial evidence that, owing to impairment of petitioner's financial condition, the proposed new security issue would not be backed by sound values. Consequently, in the absence of clarification by the Appellate Division of the scope of its decision, we cannot hold that its decision " is conclusive upon every question of fact or law which might be raised " or that its order finally determines this proceeding. (Cf. *Matter of New York State Elec. Corp.* v. *Public Service Comm.*, 260 N. Y. 32, 34.) We express no opinion upon the merits of the case.

The appeal should be dismissed, with costs, without prejudice, however, to the right of the commission to move in the Appellate Division for a resettlement of that court's order to specify the nature of the " further consideration " to be accorded, or of the further proceedings to be taken, upon the directed remission to the commission.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur; CONWAY, J., taking no part.

Appeal dismissed, etc.