MARLBOROUGH HOSPITAL *vs.* COMMISSIONER OF PUBLIC
WELFARE.

Suffolk. December 6, 1963. — January 31, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Equity Pleading and Practice,* Appeal, Decree. *State Administrative Procedure Act.*

In a proceeding under G. L. c. 30A, § 14, for judicial review of a decision
by the Department of Public Welfare, a decree of the Superior Court
adjudging that there had not been a proper hearing before the department and remanding the matter under review to the department for a
new hearing was an interlocutory decree even though entitled "final decree," and under § 15 the case could not be brought to this court by an
appeal therefrom.

PETITION for review filed in the Superior Court on January 2, 1963.

The case was heard by *Sgarzi,* J.

*Albert G. Tierney, Jr.,* for the petitioner.

*David Lee Turner,* Assistant Attorney General (*James C. Doyle* with him), for the respondent.

WHITTEMORE, J. Marlborough Hospital (the hospital)
sought judicial review in the Superior Court of a decision
of the Commissioner of Public Welfare under G. L. c. 118A,
§ 21. The controversy arose because of the refusal of the
city of Marlborough to pay to the hospital the amount of its
charges for a part of a patient's stay in the hospital.

In the Superior Court the hospital prevailed in all of its
substantive contentions. The judge ruled (1) that the
hearing before the referee (G. L. c. 118A, § 21) was not the
"fair hearing" required by that section, (2) the decision of
the referee (approved by the commissioner and hence the
decision of the department under § 21) was not supported
by substantial evidence under G. L. c. 30A, § 14, and (3) the
commissioner was without authority to promulgate a rule
reducing the amount of needed medical assistance to one

entitled to medical care to the aged under G. L. c. 118A because of a determination that contributions should be made by others.

The "final decree" remanded the proceedings for a new hearing. See G. L. c. 30A, § 14 (8): "The court may . . . remand the matter for further proceedings before the agency . . . ."

The judge's ruling that there had not been a fair hearing is based on the finding that after the conclusion of the hearing the referee submitted the evidence for the opinion of the medical consultant and followed the consultant's views. The hospital's present contention is that this did not make the hearing unfair, and that any error can be fully corrected by disregarding the medical consultant's views and by ruling for the hospital on the uncontroverted testimony of the patient's physician. Hence, the hospital asserts, the case should not have been remanded.

These issues are not now before us. The case may not be brought to this court after an order for remand. Our power under G. L. c. 30A, § 15, is to review "proceedings . . . determinations . . . , and orders or decrees issued in the superior court . . . in the same manner and to the same extent as in equity suits, so far as the provisions governing equity suits are applicable. The court may by rule vary the procedure . . . upon a finding that the review by the court will thereby be made more simple, speedy and effective." There is no rule which varies the procedure. Appeals from interlocutory decrees must await an appeal from the final decree. *Orth* v. *Paramount Pictures, Inc.* 311 Mass. 580, 581. *Vincent* v. *Plecker,* 319 Mass. 560, 562–563. G. L. c. 214, § 19. The title "final decree" did not make the decree of remand final in substance. *Vincent* case, 319 Mass. at 563–564. See, as to law actions, *Redfield* v. *Abbott Shoe Co.* 335 Mass. 208; *Bean* v. *399 Boylston St. Inc.* 335 Mass. 595.

*Appeal dismissed.*