SECOND DEPARTMENT, AUGUST, 1965

(August 12, 1965)

■ In the Matter of GEORGE SOROS et al., Petitioners, v. BOARD OF APPEALS OF THE VILLAGE OF SOUTHAMPTON, Respondent.— In a proceeding under article 78 of the CPLR, the respondent board has made a motion returnable September 8, 1965, for leave to appeal from such portions of an order: (a) as granted to petitioners the privilege (within 20 days after service of a

copy of the order) of serving an amended petition or reapplying to the board for a variance; and (b) as directed that, in the event petitioners shall reapply for such variance, then the board "shall promptly hold a hearing and permit petitioners to submit such proof as they deem relevant in accordance with the" memorandum decision of the court. It is undisputed that petitioners have duly reapplied for such variance. Petitioners have made a cross motion to advance the return date of the board's motion for leave to appeal. The petitioners' cross motion is granted; the return date of the board's motion is advanced from September 8, 1965, to August 11, 1965. The board's motion for leave to appeal is denied. The board has also taken an appeal as a matter of right from the said portions of the order. The question of appealability as of right has been raised and argued in the papers submitted to this court. Indeed, that question is basic and common to both motions — the motion for leave to appeal and the motion to advance the return date; it is the threshold question implicit in both motions. Under the circumstances, the court on its own motion has considered that question. On the court's own motion the appeal taken by the board as of right is dismissed, without costs. It clearly appears that, with respect to the portions of the order sought to be reviewed, an appeal as of right does not lie. In view of the fact that the petitioners have actually reapplied for the variance and have thus availed themselves of the privilege accorded to them by said portions of the order, the order — particularly insofar as it is sought to be reviewed — is one which in point of fact remits the proceeding to the board for further consideration, for further hearings and for its determination *de novo* upon the basis of all the facts which may be adduced upon the new hearings. The fact that the order expressly directs the board to permit the petitioners "to submit such proof as they deem relevant" on the new hearings, in no way circumscribes the board's future action or decision. For, in the absence of such a direction, the petitioners in any event would be entitled to adduce any and all relevant proof upon the new hearings, and the board's decision would necessarily be predicated on all the proof which may be adduced. The order, insofar as appealed from, clearly envisages new hearings and additional proof, as well as discretionary action *de novo* by the board upon the basis of all the proof. Under the circumstances, the order insofar as appealed from is not a final order but rather an intermediate order from which an appeal does not lie as of right. (*Matter of North Amer. Holding Corp.* v. *Murdock*, 6 A D 2d 596, 599–600, affd. 6 N Y 2d 902; cf. *Matter of Mid-Is. Hosp.* v. *Wyman*, 15 N Y 2d 374, 379–380; cf. *Matter of Hempstead Bottling Works Corp.* v. *Patterson*, 282 App. Div. 1063.) Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.