■ In the Matter of FRANCIS C. SCHRECK, as Commissioner of Social Services of the County of Albany, Respondent, v. GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, Respondent, and WILLIE M. BOSTIC, Intervenor-Appellant.— Appeal by intervenor from an order of the Supreme Court at Special Term, entered December 10, 1971 in Albany County, in a proceeding, pursuant to CPLR article 78, which remanded the matter to the State Commissioner of Social Services for further administrative proceedings, modified a stay, denied a motion to dismiss the petition and denied intervenor's counterclaim. Willie Mae Bostic, intervenor-appellant, and her eight children are recipients of public assistance under the Program Aid to Families with Dependent Children in Albany County. On October 9, 1969 she was informed by letter from the Commissioner of Social

Services of Albany County, that her monthly grant would be reduced by $100 per month from October 16, 1969 until September 30, 1972. Thereafter, appellant filed a request for a "fair hearing" before an officer of the State Department of Social Services for the purpose of challenging the reduction. (Social Services Law, § 353.) The decision of the Commissioner of the New York State Department of Social Services held that the Albany County Commissioner had erred in withholding $100 monthly from appellant's grant and ordered that the amount be restored to her future grants. The Albany County Commissioner instituted this article 78 proceeding alleging that the determination of the State Commissioner was based upon section 352.31 (d) of the Regulations of the State Department of Social Services (18 NYCRR 352.31 [d]) which was not applicable to appellant's case. Appellant was permitted to intervene in the article 78 proceeding. Special Term held that the record before him was inadequate and remanded the case for further administrative review. Special Term provided that appellant should receive her full grant pending determination of the case and dismissed appellant's counterclaim against the Albany Commissioner for lost grants back to October, 1969 and also denied a motion to dismiss the petition. The State Commissioner contends that the order appealed from is a nonappealable order and that no permission has been obtained to appeal the order to this court. (CPLR 5701, subd. [c].) Where a matter is remitted to an administrative agency for further action and the agency has the power and duty to exercise discretion or to make an independent record, its function remains quasi-judicial and the order is not final. Consequently, it must be concluded that the order in this case is intermediate and not final and the appeal must be dismissed. (CPLR 5701, subd. [b]; Matter of North Amer. Holding Corp. v. Murdock, 6 A D 2d 596, affd. 6 N Y 2d 902.) Appeal dismissed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.