## 48190. HOWELL v. HARDEN.

EBERHARDT, Presiding Judge. Mrs. Annie R. Howell made application to the Fulton County Department of Family and Children Services under the provisions of Ga. L. 1952, p. 15, as amended by Ga. L. 1957, p. 368 and Ga. L. 1963, p. 581 (Code Ann. § 99-2001 et seq.) and of Ga. L. 1965, p. 385 (Code Ann. § 99-2901 et seq.), asserting that she was totally and permanently disabled as defined in Code Ann. § 99-2001. Her claim was processed and denied at the county level, after which she asked for and received a hearing as provided in Code Ann. § 99-2911. After the hearing her application was again denied and she petitioned the superior court for a judicial review of the agency decision under provisions of the Administrative Procedure Act (Ga. L. 1964, p. 338, as

amended by Ga. L. 1965, p. 283; Code Ann. § 3A-120).

The department, having been served with a copy of the petition to the superior court for review, certified and sent to the court the entire record, but filed no defensive pleadings. Claimant contended that the failure to file defensive pleadings amounted to an admission of her contentions and moved for judgment on the pleadings, and for summary judgment. These motions were denied, and the case was remanded to the agency "for further consideration and the reception of additional evidence by the petitioner, if she desires to submit such evidence, so that the application in consideration of her claim shall be reconsidered," with direction to the agency to set forth its findings of fact and conclusions of law in accordance with the Administrative Procedure Act.

The appeal in this case is expressly from an order denying appellant's motion for judgment on the pleadings and from an order denying her motion for summary judgment. However, motions for judgment on the pleadings or for summary judgment are completely inappropriate in a judicial review of an administrative decision under Section 20 of the Administrative Procedure Act (Code Ann. § 3A-120). Section 20 (g) (Code Ann. § 3A-120 (g)) provides that "The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs." Section 20 (h) (Code Ann. § 3A-120 (h)) provides that the court may affirm the agency decision or remand the case for further proceedings, or it may reverse or modify the decision for enumerated reasons. Thus the function of the reviewing court under the Administrative Procedure Act is appellate, a function not contemplated by the Civil Practice Act which provides for summary judgment and for judgment on the pleadings, nor is it required that the administrative agency file an answer to the petition for review, or other defensive pleadings. Hence the reviewing court need not have ruled upon these motions, which were functionless. In any event there is no certificate for immediate review, even assuming that the denial of the motions would be reviewable if accompanied by the certificates required by Code Ann. § 6-701 (a, 2) and § 81A-156 (h).

Assuming, ex gratia, that appellant is attempting to appeal from that portion of the order remanding the case to the agency (even

though there is no appeal from, or enumeration of error upon, the remand), a remand by the reviewing court to an agency such as is here involved is not a final judgment which will support an appeal. Marlborough Hospital v. Commr. of Public Welfare, 346 Mass. 737 (196 NE2d 199); Metropolitan District Comm. v. Dept. of Public Utilities, 352 Mass. 18 (224 NE2d 502); Rochester Gas &c. Corp. v. Maltbie, 298 N. Y. 103 (81 NE2d 38); Schreck v. Wyman, 39 App. Div. 2d 809 (332 NYS2d 482); State v. Public Service Comm., 360 Mo. 270 (228 SW2d 1). Assuming further that a certificate of review under Code Ann. § 6-701 (a, 2) would support an appeal from such a remand,[1] there is no certificate here. In any event a reversal of the remand would be of no benefit to appellant since the reversal would leave standing the agency order denying assistance to her. She may not appeal from a favorable judgment, *Bivens v. Todd,* 222 Ga. 84 (148 SE2d 424), or have review of a ruling which would not be beneficial to her. *Gober v. Colonial Pipeline Co.,* 228 Ga. 668 (187 SE2d 275). Appellant should pursue the matter before the agency, seeking a new adjudication there.

Finding no appealable judgment, we must dismiss the appeal.

*Appeal dismissed. Pannell and Stolz, JJ., concur.*

ARGUED MAY 4, 1973 — DECIDED MAY 21, 1973 — REHEARING DENIED JUNE 14, 1973 — ▮▮▮▮▮▮▮▮

*Kenneth G. Levin,* for appellant.

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Dorothy Y. Kirkley, Assistant Attorneys General,* for appellee.

---

[1]Section 21 of the Administrative Procedure Act (Code Ann. § 3A-121), providing that "An aggrieved party may obtain a review of any *final* judgment of the superior court . . ." (emphasis supplied), would seem to preclude such an appeal.