## 28220. HOWELL v. HARDEN.

UNDERCOFLER, Justice. This case came to this court on certiorari to the Court of Appeals. The Court of Appeals found that an order denying a motion for judgment on the pleadings and an order denying a motion for summary judgment were inappropriate in a judicial review of an administrative decision and that the order of the reviewing superior court remanding the case to the agency was not such a final judgment from which an appeal could be taken to the Court of Appeals. *Howell v. Harden,* 129 Ga. App. 200 (198 SE2d 890). We granted certiorari to review these rulings. *Held:*

1. The first question we have for decision is whether the judicial review provided by the Administrative Procedure Act (Code Ann. § 3A-120; Ga. L. 1964, pp. 338, 354) is governed by the provisions of the Civil Practice Act of 1966 (Code Ann. Ch. 81A; Ga. L. 1966, p. 609).

Code Ann. § 3A-120 (a) provides that any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review.

Code Ann. § 3A-120 (g) provides: "The review shall be conducted by the court without a jury and confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs."

Code Ann. § 3A-120 (g) directs that the judicial review shall be conducted by the superior court without a jury and is confined to the record made before the agency. This section also provides for submission of proof to the reviewing court in cases of alleged irregularities in procedure before the agency. It is apparent therefore that the judicial review contemplated is appellate in nature and is not such a "pretrial, trial or post trial procedure" as is provided for by the Civil Practice Act (Ga. L. 1966, p. 609; Code Ann. Ch. 81A).

2. The trial court remanded this case to the agency for "further consideration and the reception of additional evidence by the petitioner, if she desires to submit such evidence, so that the application in consideration of her claim shall be reconsidered" and directed the agency to set forth its findings of fact and

conclusions of law in accordance with the provisions of the Administrative Procedure Act, Code Ann. § 3A-118. Is such a judgment one which may be appealed to the appellate courts? We think not.

Code Ann. § 3A-120 (f) clearly provides that the "agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court." Therefore the reviewing superior court does not lose jurisdiction of the case on remand to the agency but it retains jurisdiction under Code Ann. § 3A-120 (f). It follows that the remand order under the circumstances of this case is not such a final judgment as can be appealed to the appellate courts.

3. Code Ann. § 6-701 (a) which is a part of the Appellate Practice Act provides that appeals may be taken to the appellate courts from judgments and rulings of the superior courts "from which writs of error are authorized by the Constitution and laws, in the following instances: . . . 2. Where the trial judge in rendering an order, decision or judgment not otherwise subject to direct appeal, certifies within 10 days of entry thereof that such order, decision or judgment is of such importance to the case that immediate review should be had." Ga. L. 1965, p. 18; 1968, pp. 1072, 1073.

Code Ann. § 3A-121 provides: "An aggrieved party may obtain a review of any final judgment of the superior court under this chapter by the Court of Appeals or the Supreme Court, as provided by law." Ga. L. 1964, pp. 338, 356.

The provisions of Code Ann. § 6-701 (a) clearly provide that review can be had to the appellate courts where the review is authorized by law. The Administrative Procedure Act does not authorize a review under that Act except on "final" judgment by the reviewing superior court. Therefore, this portion of the Court of Appeals judgment indicating that the judgment might be subject to review on a certification by the reviewing superior court is erroneous.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED NOVEMBER 13, 1973 — DECIDED JANUARY 8, 1974 — REHEARING DENIED JANUARY 28, 1974.

*Kenneth G. Levin,* for appellant.

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Dorothy*

*Y. Kirkley, Assistant Attorneys General,* for appellee.