32579. DEPARTMENT OF NATURAL RESOURCES et al. v. AMERICAN CYANAMID COMPANY.

NICHOLS, Chief Justice.

The Department of Natural Resources appeals from an order of the Superior Court of Fulton County enjoining it from conducting any further administrative review of a prior decision of the agency rendered in favor of the American Cyanamid Company on the question of whether appropriate penalties should be imposed upon American Cyanamid for its violation of the Georgia Water Quality Control Act.

The Environmental Protection Division of the Department of Natural Resources instituted administrative proceedings against American Cyanamid for its failure to meet a 1972 pollution control deadline. Although the hearing officer found that American Cyanamid could not meet the deadline because current technology was not sufficiently advanced to enable it to do so, he decided, nevertheless, that the appellee should pay the statutory fine. American Cyanamid appealed this ruling pursuant to Code Ann. § 40-3519, to the five-member Administrative Review Committee. (The Board of Natural Resources appoints five of its own members to serve on this committee.) The committee found, inter alia, that the Environmental Protection Division had wrongfully refused to grant American Cyanamid an extension on the pollution control deadlines and that the hearing officer's decision to recommend imposition of the fine must be reversed.

Dissatisfied with the five-member committee's decision, the Board of Natural Resources advised

American Cyanamid's counsel by letter that it was going to hold a hearing on whether it, the "full board," should review the decision of the Administrative Review Committee. Notwithstanding written and oral objections by American Cyanamid that the Board of Natural Resources had no legal authority to review a "final decision" of the five-member Administrative Review Committee, the board voted to review the committee's decision.

In response to the board's attempt to "review" the decision, American Cyanamid filed suit in the Superior Court of Fulton County seeking, among other remedies, an injunction against any such action by the board. American Cyanamid asserted in its petition that under § 17 (a) of the Executive Reorganization Act of 1972 (Code Ann. § 40-3519 (a)), which provides that hearings and review shall be conducted pursuant to the provisions of Georgia's Administrative Procedure Act, a decision of the five-man Administrative Review Committee could not be reviewed by the full board as it was a "final decision" of the agency. The Board of Natural Resources asserted in defense that the committee's decision was not "final" and that the court should not disrupt the administrative process by grant of injunctive relief. The trial court, basing its decision on Code Ann. § 3A-118 (c) of the Administrative Procedure Act and specifically pretermitting the issue of whether the full Board of Natural Resources has authority to review a decision of its Administrative Review Committee, found that the board had no jurisdiction to review "this" case. More specifically, the court held that the board had not complied with § 3A-118 (c) which provides that an agency shall render a final decision within 30 days after the close of the record, unless the time period is extended by the agency out of necessity.

1. The Board of Natural Resources argues that the trial court erred in exercising jurisdiction to enjoin it and in holding that it, the "full board," could not review the decision of the Administrative Review Committee because such action would not be within the time period allowed by Code Ann. § 3A-118 (c). We disagree and affirm the holding of the trial court. Section 17 (a) of the

Executive Reorganization Act of 1972 provides, among other things, that any administrative review of an initial hearing "shall be conducted in accordance with the Georgia Administrative Procedure Act (Title 3A)." The Georgia Administrative Procedure Act provides that "[e]ach agency shall render a final decision in contested cases within 30 days after the close of the record required by section 3A-114, except that any agency, by order, may extend such period in any case in which it shall find that the complexity of the issues and the length of the record require an extension of such period, in which event the agency shall render decision at the earliest date practicable." Code Ann. § 3A-118 (c).

The trial court found that the record in this case was closed on December 31, 1976, that on January 28, 1977, the commission issued an order extending the time to render a decision to February 8, 1977, that the commission's decision was handed down on the eighth of February, 1977 and that the Administrative Procedure Act barred any review after that date. This finding is supported by the record and comports with the goals of the Administrative Procedure Act.

2. Having determined that there was a final decision by the Board of Natural Resources and, by implication, that the trial court's action did not interfere with an "ongoing administrative proceeding" as contended by the appellant, we now conclude that the injunctive relief afforded the appellee was proper. When there is no adequate remedy at law or when the legal remedy available would clearly be incomplete to provide the relief needed to redress the defendant's injury, equity intercedes to make the aggrieved party whole. Code Ann. § 37-105; see also *Murdock v. Perkins,* 219 Ga. 756 (135 SE2d 869) (1964) (where the court on facts almost identical to the ones in the case sub judice granted injunctive relief).

3. Although the appellant's remaining enumeration of error that the trial court erred in failing to pass on the question of whether the Board of Natural Resources may review decisions of the Administrative Review Committee need not be considered in light of our holding in Division 1, in a desire to avoid future controversies over

the appellate jurisdiction of the Board of Natural Resources, we today hold that the board may not "further review" decisions of the Administrative Review Committee.

Section 17 (a) of the Executive Reorganization Act of 1972 clearly provides that "[a]ny *administrative review* of the initial decision by the hearing officer shall be by a five (5) member committee, to be known as the Administrative Review Committee." (Emphasis supplied.) Nowhere in § 17 (a) is there provided for further review by the full Board of Natural Resources. The board selects the members of the committee from its own members. Therefore, the committee's actions and decisions must be viewed as the actions and decisions of the Department of Natural Resources.

The jurisdiction of administrative agencies is statutorily given and must be strictly construed to comport with legislative intent. See *Conley v. Brophy,* 207 Ga. 30 (60 SE2d 122) (1950); *Murdock v. Perkins,* 219 Ga. 756 (135 SE2d 869) (1964). Since there is no mention in § 17 (a) of any further right of appeal to the full Board of Natural Resources, we refuse to grant the right by judicial construction. See *Hasty v. Carter,* 105 Ga. App. 139, 141 (123 SE2d 563) (1961).

*Judgment affirmed. All the Justices concur, except Hill, J., not participating.*

Argued July 13, 1977 — Decided September 27, 1977.

*Arthur K. Bolton, Attorney General, Robert S. Bomar, Senior Assistant Attorney General, Don A. Langham, Assistant Attorney General,* for appellants.

*J. William Futrell,* amicus curiae.

*King & Spalding, Kirk McAlpin, Charles H. Tisdale, Jr., P. Brantley Davis, Hunter, Houlihan, Maclean, Exley, Dunn & Connerat, Spencer Connerat, Jr., Joseph T. Childs, John A. Pickens,* for appellee.