58470. GEORGIA CONSUMER CENTER, INC. v. GEORGIA POWER COMPANY et al.

CARLEY, Judge.

Pursuant to the Georgia Administrative Procedure Act (Code Ann. § 3A-120), Georgia Power Company filed in the Superior Court of Fulton County a petition for judicial review of an order of the Georgia Public Service

Commission. After hearing, the superior court entered an order remanding the case to the Public Service Commission "for the purpose of taking additional evidence to determine just and reasonable rates to be charged by Petitioner." This order which was entered on May 24, 1979, set forth certain additional direct evidence which petitioner must offer to the commission and provided that after the submission of such evidence and any other evidence offered by petitioner or any party, "the Commission shall proceed to decide Petitioner's application in accordance with law." Appellant filed a notice of appeal to this court and, upon docketing of the record, Georgia Power Company has filed a motion to dismiss the appeal.

It is unquestionably clear that the remand order "is not such a final judgment as can be appealed to the appellate courts." *Howell v. Harden,* 231 Ga. 594, 595 (2) (203 SE2d 206) (1974). It is to be noted that the superior court judge, by separate order, refused to certify the case for immediate review pursuant to Code Ann. § 6-701 (a) 2 (A). Such a certificate must be entered before this court can consider any application seeking interlocutory review as provided by Code Ann. § 6-701 (a) 2 (B) Here the trial judge denied appellant's request for such a certificate and, in any event, appellant has filed no application seeking permission to pursue an interlocutory appeal. Therefore, for this additional reason, this court is without jurisdiction of the appeal in this case. Even had the superior court certified the case for direct appeal, the remand order was not a final judgment as contemplated by Code Ann. § 3A-121 and would not be subject to appellate review. *Howell v. Harden,* supra, 595 (3).

The order of the Fulton Superior Court requires that the Public Service Commission issue its decision and order no later than August 15, 1979, and the motion filed in this court alleges that the Public Service Commission has scheduled hearings in the case to commence July 2, 1979. In view of the significance to the parties and to the public of the decision to be made by the Public Service Commission and because this court has absolutely no jurisdiction of the appeal of this remand order, it is incumbent upon us to consider and decide the motion

expeditiously and prior to oral argument. Rule 19 of this court (codified as Code Ann. § 24-3619) provides that "whenever it appears to the court that it has no jurisdiction of a pending appeal, it will be dismissed or be transferred to the Supreme Court, as the facts may require, *whenever and however its lack of jurisdiction may appear.*" (Emphasis supplied.) See also *Lowe v. Payne,* 130 Ga. App. 337 (203 SE2d 309) (1973). Accordingly, we must dismiss the appeal.

*Appeal dismissed. Deen, C. J., and Shulman, J., concur.*

DECIDED JUNE 29, 1979.

*Larry W. Thomason, Joe W. Segraves,* for appellant.
*James E. Joiner, C. Christopher Hagy, Kirk M. McAlpin, Arthur K. Bolton, Attorney General, R. Douglas Lackey, Assistant Attorney General, Sidney L. Moore, Jr., Robert B. Remar,* for appellees.