59700. GEORGIA STATE BOARD OF PHARMACY v. PURVIS.

SMITH, Judge.

We granted this interlocutory appeal to determine whether judicial review of a decision of the State Board of Pharmacy can be obtained in a county other than Fulton County. Appellant Board of Pharmacy argues that under Code § 79A-830, judicial review can only be obtained in Fulton County. Code § 79A-830 provides: "All final determinations, findings and conclusions of the Board of Pharmacy under this Chapter are final and conclusive decisions of the matters involved. Any person aggrieved by the decision *may* obtain review of the decision in Fulton County Superior Court. Findings of fact by the Board of Pharmacy, if supported by substantial evidence, are conclusive." (Emphasis supplied.) Appellee contends that, because the language of Code § 79A-830 is not mandatory, judicial review is permissible under Ga. L. 1964, pp. 338, 354 (Code Ann. § 3A-120 (b)), which provides that a "petition [for review] may be filed in the Superior Court of Fulton County or in the superior court of the county of residence of the petitioner."

Appellee sought judicial review of the Board's decision in the Superior Court of Cook County. The court denied appellant's motion to dismiss for lack of jurisdiction.

Ga. L. 1964, pp. 338, 356 (Code Ann. § 3A-121) states: "An aggrieved party may obtain review of any *final judgment* of the superior court under this Act by the Court of Appeals or the Supreme Court, as provided by law." (Emphasis supplied.) In *Howell v. Harden,* 231 Ga. 594, 595 (203 SE2d 206) (1974), the Georgia Supreme Court held: "The Administrative Procedure Act does not authorize a review under that Act except on 'final' judgment by the reviewing court. Therefore, this portion of the Court of Appeals judgment indicating that the judgment might be subject to review on a certification by the reviewing superior court is erroneous." See also *Ga. Consumer Center v. Ga. Power Co.,* 150 Ga. App. 511, 512 (258 SE2d 250) (1979). We reluctantly conclude that the appeal in the instant case must be dismissed.

*Appeal dismissed. McMurray, P. J., and Banke, J., concur.*

Argued April 15, 1980 — Decided September 8, 1980.

*Arthur K. Bolton, Attorney General, John C. Jones, Assistant Attorney General,* for appellant.
*Edward Parrish,* for appellee.