## 62540. HARDISON v. BOOTH.

BIRDSONG, Judge.

We granted this interlocutory appeal to determine whether the Gwinnett Superior Court properly entertained, as being timely, appellee Booth's appeal from an administrative decision of the Department of Public Safety suspending his driver's license, and whether in the exercise of that consideration it properly denied the Department's motion to dismiss the appeal for lack of jurisdiction. At the same time that it denied the Department's motion to dismiss the appeal, the superior court remanded the case to the Department for further hearing on the evidence. The remand order, however, is not at issue in this interlocutory appeal, as it is not a final judgment and no certificate of immediate review was granted for it. Code Ann. § 6-701 (a). As to the trial court's denial of the Department's motion to dismiss, the issue upon which we granted interlocutory appeal, we find that under the Administrative Procedure Act, at Code Ann. § 3A-121, the Court of Appeals has jurisdiction only of a *final* judgment of a reviewing court (*Ga. State Board of Pharmacy v. Purvis,* 155 Ga. App. 597 (271 SE2d 870)); and that Code Ann. § 6-701 (a) of the Appellate Practice Act, providing for interlocutory appeal upon certificate of immediate review, does not govern. *Howell v. Harden,* 231 Ga. 594, 595 (203 SE2d 206). Accordingly, under the mandate of the cases cited, we dismiss this appeal as improvidently granted.

*Appeal dismissed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 15, 1981.

*Michael J. Bowers, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellant.

*Glyndon C. Pruitt,* for appellee.