69863. STATE HEALTH PLANNING REVIEW BOARD et al. v. PIEDMONT HOSPITAL, INC.
69907. STATE HEALTH PLANNING AGENCY v. WEST PACES FERRY HOSPITAL, INC.
(326 SE2d 814)

BANKE, Chief Judge.

Piedmont Hospital, Inc., and West Paces Ferry Hospital, Inc., filed separate applications to the State Health Planning Agency to obtain certificates of need to establish cardiac surgery programs. The agency denied both applications, and the hospitals appealed to the State Health Planning Review Board pursuant to OCGA § 31-6-44. The review board dismissed the appeals based on application of an agency regulation known as the "cardiac surgery rule," which provides as follows: *"Cardiac Surgery.* Adult cardiac surgery services and

pediatric cardiac catheterization and surgical services are reasonably available and distributed in the state consistent with the need for such services. Absent major population changes, the availability and accessibility of these services fulfill the state's current requirement. This policy will be evaluated at least every two years unless the need is otherwise displayed." Rule 292-2-.09 (13), Rules of State Health Planning Agency.

In each case, the dismissal by the review board was appealed to the Superior Court of Fulton County pursuant to the Administrative Procedure Act. OCGA § 50-13-1 et seq. In the case of Piedmont Hospital, Inc., the superior court reversed the dismissal based on a finding that the cardiac surgery rule was contrary to the State Health Plan and therefore violative of OCGA § 31-6-21. In the case of West Paces Ferry Hospital, Inc., the dismissal was reversed on the ground that the board's interpretation of the cardiac surgery rule had the effect of permitting an improper usurpation by the planning agency of the board's statutory review function. The net result of these rulings is obviously to send the two cases back to the review board for further proceedings. The cases are currently before this court pursuant to our grant of each hospital's application for discretionary appeal. *Held*:

In *Howell v. Harden*, 231 Ga. 594, 595 (203 SE2d 206) (1974), the Georgia Supreme Court held that the interlocutory appeal procedure set forth in former Code Ann. § 6-701 (a) (currently OCGA § 5-6-34 (b)) does not apply to cases arising under the Administrative Procedure Act, because that Act does not authorize appellate court review of such cases unless the reviewing superior court has rendered a "final judgment." See OCGA § 50-13-20. The Supreme Court further held in *Howell v. Harden*, supra, that a superior court order remanding a case back to the administrative tribunal does not constitute a final judgment. Id. Accord *Ga. State Bd. of Pharmacy v. Purvis*, 155 Ga. App. 597 (271 SE2d 870) (1980); *Hardison v. Booth*, 160 Ga. App. 69 (286 SE2d 60) (1981). Based on this same reasoning, we must reluctantly conclude that we are without jurisdiction to entertain the present appeals. It follows that the applications for discretionary review were improvidently granted.

*Appeals dismissed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 6, 1985.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Jeffrey C. Baxter, David C. Will, Assistant Attorneys General,* for appellants.

*Thomas M. Byrne, John A. Chandler, Randall L. Hughes, Kim H. Roeder,* for appellee (case no 69863).

*Stanley S. Jones, Jr., Phillip A. Bradley, Elise F. Lambrou,* for appellee (case no. 69907).

*John H. Parker, Jr., Rufus T. Dorsey,* amici curiae.