42025. GEORGIA PUBLIC SERVICE COMMISSION et al.
v. SOUTHERN BELL.
42026. KIRKLAND, CONSUMERS UTILITY COUNSEL
v. SOUTHERN BELL.
(327 SE2d 726)

CLARKE, Justice.

This appeal presents the question of whether the judge of a superior court is authorized to grant interlocutory injunctive relief when performing the role of a court of review in an appeal filed pursuant to the Georgia Administrative Procedure Act, OCGA § 50-13-19.

The appellee, Southern Bell Telephone and Telegraph Company (hereinafter "Southern Bell"), filed an application for a rate increase of $109,325,234 annually with the Georgia Public Service Commission (hereinafter "Commission"). This application was filed on March 30, 1984. The Commission ordered a suspension of the rates for five months from April 30, 1984 and conducted evidentiary hearings as authorized by OCGA § 46-2-25. By orders of September 28, 1984 and October 22, 1984, the Commission granted an increase of $34,661,000 annually.

On October 26, 1984, Southern Bell filed a petition for review of the Commission's order pursuant to OCGA § 50-13-19 in the Superior Court of Fulton County. On November 5, 1984, Southern Bell filed a "Motion for Injunction Pending Trial" contending that if interim relief were not granted Southern Bell would suffer irreparable harm. By affidavit they alleged that clear errors in the Commission's order showed that Southern Bell should be entitled to collect an additional $15,701,000 pending appeal. This motion was opposed by the Commission as well as the intervenors, Consumers' Utility Counsel and Georgia Poverty Rights Organization.

The superior court entered an interlocutory injunction and found that Southern Bell would be irreparably harmed if on final appeal the court should determine that the Commission's order was arbitrary and capricious on any issue because of the utility's inability to recoup revenue lost in the interim. The court further found that subscribers could be adequately protected by a bond and refund requirement in the event the interim increased rates were determined improper in a final disposition. The court concluded that Southern Bell, by affida-

vit, had shown a reasonable probability of success on the merits as to four of its alleged errors by the Commission which result in increased revenues of $8,036,000 which the court ordered pending trial. The court's order also sets out a rate schedule to be applied for collecting the additional $8,036,000. The order requires that Southern Bell will refund any amounts collected pursuant to the court's order in excess of the rates finally put into effect.

The superior court issued a temporary stay and the Commission and intervenors filed an appeal and motions for stay and expedited appeal in this court. These motions were granted.

The appellants contend the superior court erred in issuing the injunction on the grounds that: (1) under an appeal filed pursuant to the APA, the statutory remedy, OCGA Ch. 50-13 et seq., is exclusive and such injunctive relief as ordered here is not available, (2) the court exceeded its authority in the appeal by substituting its judgment for that of the Commission and by actually setting rates which is constitutionally prohibited, and (3) that if the court had discretion to exercise, then its order here was an abuse of that discretion.

Southern Bell contends that the action of the superior court was authorized by the holding of this court in *Southern Bell Tel. &c. Co. v. Ga. Public Service Comm.*, 203 Ga. 832 (49 SE2d 38) (1948), which upheld preliminary injunctive relief and by *Dept. of Natural Resources v. American Cyanamid Co.*, 239 Ga. 740 (238 SE2d 886) (1977), on the principle that equity will intervene where there is no adequate remedy at law.

Proceedings of the Public Service Commission were made subject to the Administrative Procedure Act (hereinafter "APA") in Ga. L. 1975, p. 404. Prior to that time, orders of the Commission were challenged by filing a suit in equity in the superior court to enjoin enforcement of the Commission's orders. See *Ga. Public Service Comm. v. General Tel. Co.*, 227 Ga. 727 (182 SE2d 793) (1971); *Ga. Power Co. v. Ga. Public Service Comm.*, 231 Ga. 339 (201 SE2d 423) (1973); *Statesboro Tel. Co. v. Ga. Public Service Comm.*, 235 Ga. 179 (219 SE2d 127) (1975). The basis for the court in equity to intercede in the legislative domain of rate making was the protection of constitutional rights; rates set unreasonably low may be set aside as confiscatory. *Ga. Public Service Comm. v. Ga. Power Co.*, 182 Ga. 706 (186 SE 839) (1936); *Southern Bell Tel. &c. Co.*, supra.

In *Southern Bell Tel. &c. Co.* the court held that courts of equity, while possessing no rate making power, do have jurisdiction to enjoin rates that are confiscatory, which result in an unconstitutional taking of property. As a part of this jurisdiction the equity court could set an amount that the utility be allowed to collect until the commission acted to set constitutional rates. A specific dollar amount was set in that case because this court found that the amount neces-

sary to avoid constitutional confiscation was uncontradicted.

The present method available for challenging an order of the Commission is to file an appeal pursuant to OCGA § 50-13-19. When this statutory right of review is available, a complaint in equity is not available, *Schieffelin & Co. v. Strickland,* 253 Ga. 385 (320 SE2d 358) (1984), and therefore, the earlier cases involving complaints in equity are not controlling. To determine the scope of relief available we must look to the language of the APA.

The review under OCGA § 50-13-19 is a review by the judge of the superior court of the record made before the agency. OCGA § 50-13-19 (g). This subsection allows for proof of irregularities before the agency not shown by the record. Subsection (f) provides for cases when a party shows good cause for presentation of additional evidence not presented before the agency. Under subsection (f) if the court finds the additional evidence is material and there is good cause shown for failure to present it previously, the court does not take evidence, but may order the agency to hear the evidence and make a ruling thereon, which is then made a part of the appeal.

Subsection (h) provides as follows:

"(h) The court shall not substitute its judgment for that of the agency as to the weight of the evidence or questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

A review under OCGA § 50-13-19 by the superior court is "appellate in nature and is not . . . a 'pretrial, trial or post trial procedure.'" *Howell v. Harden,* 231 Ga. 594 (203 SE2d 206) (1974). The appellate process in these reviews is not a trial and the provisions of the Civil Practice Act relating to trial procedures are not applicable.

The pre-APA cases relied upon by Southern Bell involve not only a complaint in equity, but a de novo review. Under the APA, the Commission is the finder of fact and weighs the credibility of the evidence. *Lasseter v. Ga. Public Service Comm.,* 253 Ga. 227 (319 SE2d 824) (1984). "The court in reviewing administrative decisions shall not substitute its judgment for that of the board if there is any evidence to support its findings." *Lasseter,* supra at 231. We held there

was evidence to support the commission and rejected the argument that the rates were unjust, unreasonable and imposed in an arbitrary and capricious manner. Under the APA review, the superior court, as an appellate court, may not take additional evidence on issues of fact, except for the exception on showing procedural irregularities, and must remand to the agency if additional findings are required. OCGA § 50-13-19 (f) (g). The scope of judicial review is limited to those objections which were presented to the agency. *Dept. of Public Safety v. MacLafferty*, 230 Ga. 22 (195 SE2d 748) (1973). Judicial review on appeal to one of the appellate courts of this state is limited by the APA to final orders, OCGA § 50-13-20, and if the superior court orders a remand on any issue, such ruling is not appealable. *Howell v. Harden*, supra.

Southern Bell has raised cases from other jurisdictions which have held injunction to be proper. In reviewing these holdings, we find they are not persuasive because the statutes being construed provide for either review by trial in equity or provide for equitable relief. E.g., *Michigan Consolidated Gas Co. v. Michigan Public Service Comm.*, 209 NW2d 210 (Mich. 1973); *A. J. Indus., Inc. v. Alaska Public Service Comm.*, 470 P2d 537 (Ala. 1970); *Commonwealth v. South Central Bell Tel. Co.*, 545 SW2d 927 (Ky. 1976). In the latter case, the Kentucky statute provided for injunctive relief. The circuit (trial) court granted a temporary injunction granting higher rates subject to refund based upon a determination, similar to our case, that the utility would suffer irreparable harm because of loss of revenue during the pendency of a final review. The Kentucky Supreme Court reversed, holding that even though the statute provides for injunctions, a temporary injunction in a rate case will only lie where the complaining party establishes that it will prevail on a claim that the rate is confiscatory violating constitutional principles against the taking of property without due process of law.

Subsection (d) of OCGA § 50-13-19 provides that the filing of a petition for judicial review does not stay the agency decision but that "the agency may grant, or the reviewing court may order, a stay upon appropriate terms for good cause shown." We do not view a stay by an "appellate" court as authorizing an interlocutory injunction. An interlocutory injunction is an intermediate step in a trial wherein the court hears the evidence and is the finder of fact. An appellate court does not find the facts, but reviews the facts found by others.

Southern Bell contends that equity may intervene in this case because the remedy at law (by statutory review) is inadequate. *Dept. of Natural Resources v. American Cyanamid*, 239 Ga. 740 (238 SE2d 886) (1977). That case held it was proper to enjoin an agency review where the review undertaken was not authorized by law and is not controlling here. Reviewing the appeal procedure in OCGA § 50-13-19

we cannot say it fails to provide an adequate remedy for Southern Bell in this case. The harm alleged is the harm which exists in every appeal of a rate case, that is that in cases where the court orders a reversal or modification which will require additional revenue in the rate structure to be set by the commission, the utility has lost revenue in the interim.

Because of our holding that the remedy of an interlocutory injunction is not available, it is unnecessary to reach the remaining enumerations of error.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 2, 1985.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Jim O. Llewellyn, Senior Assistant Attorney General, Michael S. Bradley, Assistant Attorney General,* for appellants (case no. 42025).

*Deppish Kirkland III, James S. Thomas, Jr.,* for appellant (case no. 42026).

*Kilpatrick & Cody, George B. Haley, Jr., Alan R. Perry, Robert W. Sterrett, Jr., William Joseph Bruckner, J. Robert Fitzgerald,* for appellee.