■ In the Matter of ANNA WEI, Respondent, v PLANNING BOARD OF TOWN/VILLAGE OF HARRISON et al., Respondents, and GREGORY MARTINO et al., Intervenors-Appellants. [887 NYS2d 859]—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town/Village of Harrison, which denied the petitioner's application to subdivide her property, the neighboring landlord intervenors appeal from an order of the Supreme Court, Westchester County (Adler, J.), entered April 18, 2008, which annulled the determination and remitted the matter to the Planning Board of the Town/Village of Harrison to make factual findings and to specify those findings that provide the bases for its determination.

Ordered that the appeal is dismissed, with costs.

The order appealed from is not appealable as of right (*see* CPLR 5701 [b]; *Matter of Long Is. Fiber Exch., Inc. v Board of Educ. Servs. for First Supervisory Dist. of Suffolk County*, 38 AD3d 897 [2007]; *Matter of Turek v Town of Clarkstown Zoning Bd. of Appeals*, 288 AD2d 479 [2001]; *Matter of Schreck v Wyman*, 39 AD2d 809, 810 [1972]; *Matter of Soros v Board of Appeals of Vil. of Southampton*, 24 AD2d 705, 706 [1965]), and we decline to grant leave to appeal (*see* CPLR 5701 [c]). Dillon, J.P., MIller, Angiolillo and Dickerson, JJ., concur.

Motion by the petitioner, inter alia, to dismiss an appeal from an order of the Supreme Court, Westchester County (Adler, J.), entered April 18, 2008, on the ground that no appeal lies from an intermediate order in a CPLR article 78 proceeding. By decision and order on motion of this Court dated February 27, 2009, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, and upon the submission of the appeal, it is

Ordered that the branch of the motion which was to dismiss the appeal is denied as academic in light of our determination of the appeal. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.