NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

21-P-128                                        Appeals Court


   SCHOOL COMMITTEE OF CHELMSFORD  vs.  COMMMONWEALTH EMPLOYMENT
                  RELATIONS BOARD & another.[1]


             No. 21-P-128.      May 12, 2021.


Practice, Civil, Interlocutory appeal.  Administrative Law,
     Judicial review, Remand to agency.  Commonwealth Employment
     Relations Board.  Labor, Unfair labor practice.


     The current case began when intervener-appellee Chelmsford
Federation of Teachers, AFT Local 3569 (union) filed a charge
with the Department of Labor Relations (DLR) pursuant to G. L.
c. 150E alleging that the Chelmsford School Committee (school
committee) had engaged in various prohibited practices.  A DLR
investigator found probable cause and issued an administrative
complaint against the school committee.  In the course of the
administrative proceeding, the hearing officer approved -- over
the union's objection -- a "unilateral settlement offer" (USO)
that the school committee had put forward.  After the DLR
director and the school committee executed the agreement, the
hearing officer ordered that the administrative complaint be
withdrawn.

     On the union's appeal to the Employment Relations Board
(board), the board on September 11, 2019, issued a decision that
set aside the hearing officer's order approving the USO, ordered
the administrative complaint reinstated, and remanded the matter
for further administrative proceedings on that complaint.  A
multi-day hearing since has been held, and a decision will issue
after briefing.

_____

        [1] Chelmsford Federation of Teachers, AFT Local 3569,
intervener.

Meanwhile, the school committee filed an appeal of the board's September 11, 2019, decision (remand order). Before us now is the board's motion to dismiss that appeal. We agree with the board that its remand order does not constitute final agency action necessary for judicial review. See G. L. c. 150E, § 11 (i) (allowing review of final orders of the board). Just as a trial court order remanding a decision to an agency generally is not considered a final judgment subject to appellate review, see Metropolitan Dist. Comm'n v. Department of Pub. Utils., 352 Mass. 18, 30 (1967), citing Marlborough Hosp. v. Commissioner of Pub. Welfare, 346 Mass. 737 (1964), so too an internal agency remand order is not final agency action subject to judicial review. Contrast Quincy City Hosp. v. Labor Relations Comm'n, 400 Mass. 745, 747 (1987) (appeal did lie where "commission intended its dismissal to be the end of its involvement in this dispute; this decision is not part of a continuing sequence of commission involvement with these parties"). Once there is final agency action in the ongoing proceedings, if that action is adverse to the school committee, it will have an opportunity to seek judicial review. Presumably, the nature and extent of any prohibited practices found, and what remedy was appropriate, would remain live issues in such an appeal.

The school committee nevertheless argues that if it is not allowed to bring the current appeal, it will be harmed by losing the chance to mount a direct challenge to the board's rejection of the USO. Even to the extent that the school committee is correct that a later appeal would not include review of the agency's decision to reject its USO -- something on which we express no view -- this does not change the fact that such a decision does not constitute final agency action. Notably, this is not a case where an appellant can show that a question of law that the party has an entitlement to have resolved could escape judicial review unless an interlocutory appeal were heard. Contrast Cliff House Nursing Home, Inc. v. Rate Setting Comm'n, 378 Mass. 189, 191 (1979).

The appeal is dismissed.

So ordered.


Jillian M. Bertrand for Commonwealth Employment Relations Board.
Sarah C. Spatafore for the plaintiff.